## New Jersey Terra-Cotta Company v. Wright.

*Sale—Suit for price of goods—Time of delivery—Acceptance by vendee.*

In an action for the price of building material ordered and shipped under a written contract requiring it to be shipped within six weeks of the receipt of drawings, it is not necessary that the statement should aver that it was shipped within the six weeks, if the defendant did not reject it when shipped, as, if he received it at a later date, he would be liable for the price even if time were of the essence of the contract.

Rule for judgment on affidavit of defence raising point of law. C. P. Lancaster Co., March T., 1922, No. 56.

*J. Andrew Frantz,* for rule; *L. R. Geisenberger,* contra.

HASSLER, J.—In its statement plaintiff alleges that it entered into a written contract with defendant on June 29, 1921, a copy of which is attached to it, wherein it agreed to make for the defendant certain terra-cotta, in accordance with drawings and specifications prepared by an architect, and deliver the same to him f. o. b. cars at its factory in New Jersey, for which the defendant agreed to pay the plaintiff the sum of $4850. It further alleges that it "furnished all the material required to be furnished to the defendant under the said contract, and the said material was received by him." It further alleges that the defendant has paid to the plaintiff, on account of the amount he agreed to pay, the sum of $2550, leaving due and owing to the plaintiff the sum of $2300.

To the statement the defendant has filed an affidavit, in which he contends that he raises a question or several questions of law. None of the objections to the statement raised in this affidavit contain any merit. The plaintiff does not seek, according to his statement, to recover on a *quantum meruit,* but only the price agreed upon in the contract. It is not necessary for the plaintiff to allege that it shipped the goods within six weeks of the receipt of the drawings. If they were shipped, as it is alleged they were, and the defendant did not reject them, but received them, he is liable for their payment. The written contract does not make time of the essence of the contract, as is alleged, and even though it did, the defendant would be liable for the payment of the goods if he received and accepted them at a date later than it was agreed they should be shipped. All the matters raised as questions of law are matters of fact which, if available for the defendant, must be set forth in an affidavit of defence to prevent judgment. The rule for judgment for the defendant is discharged, and he is directed to file an affidavit of defence within fifteen days of the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.